UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES FABIAN AGUILAR,<br><br>                        Petitioner,<br><br>v.<br><br>DANIEL BRIGHTMAN, Field Office Director of Enforcement and Removal Operations, San Diego Field Office, Immigration and Customs Enforcement, et al.,<br><br>                        Respondents. | Case No.: 26-CV-793 JLS (MMP)<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 1) |

      Presently before the Court is Andres Fabian Aguilar's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1). Also before the Court is Respondents' Return ("Ret.," ECF No. 4). Petitioner did not file a traverse. *See generally* Docket. Petitioner alleges that he is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 25-CV-1873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).[1] Pet. at 4. Because of this, Respondents

---

[1] On December 18, 2025, the *Bautista* Court entered final judgment finding that the July 8, 2025, DHS Notice redefining who is considered an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) is unlawful under the Administrative Procedure Act. *Maldonado Bautista*, No. 25-CV-1873-SSS-BFM, ECF No. 94.

"acknowledge that Petitioner is detained under 8 U.S.C. § 1226(a) and [is] entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." Ret. at 1. Therefore, the Petition (ECF No. 1) is **GRANTED IN PART**.

I. **Attorney's Fees**

Petitioner's counsel still requests costs and attorney's fees in this action pursuant to the Equal Justice Act ("EAJA"), 28 U.S.C. § 2412. Pet. at 10. The EAJA provides in part:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record . . . which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

The Court will consider an application requesting reasonable fees and costs under the EAJA that is filed within thirty days of the judgment.

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1), and **ORDERS** Respondents to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within fourteen (14) days. Respondents **SHALL NOT** deny Petitioner's bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention. The Court **DENIES IN PART** the Petition to the extent that Petitioner requests to be released from custody. The Parties **SHALL** provide a status update as to the result of the hearing by March 16, 2026.

The Court will consider an application requesting reasonable fees and costs under the EAJA that is filed within thirty days of the judgment. Petitioner's attorney is directed

to submit an attorney fee application and corresponding billing records within <u>thirty (30) days</u> of this Order, and Respondents are instructed to file any opposition within <u>fourteen (14) days</u> of Petitioner's attorney fee application.

**IT IS SO ORDERED.**

Dated: February 23, 2026

Hon. Janis L. Sammartino
United States District Judge